UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

GUSTAV H. WALGREN II,

    Plaintiff,                              DEMAND FOR JURY TRIAL

-vs-                                                Case No.
                                                       Hon.

NATIONAL COLLECTION SYSTEMS, INC.
    *doing business as "National Credit Management"*,

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,
    *doing business as "Federal Loan Servicing"*,
and

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This Court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## Parties

4. The Plaintiff to this lawsuit resides in Southfield, Michigan in Oakland County.

5. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

6. The Defendant to this action, National Collection Systems, Inc. ("National Credit Management"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

7. National Collection Systems, Inc., ("National Credit Management") is a Missouri corporation doing business as "National Credit Management" and collecting debts in Michigan.

8. Defendant, Pennsylvania Higher Education Assistance Agency d/b/a Federal Loan Servicing ("Federal Loan Servicing "), is a furnisher of information as contemplated by the Fair Credit Reporting Act "FCRA") 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

9. Defendant, Experian Information Solutions, Inc.("Experian") is a national credit reporting agency doing business in Michigan.

## Venue

10. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

11. Venue is proper in the Eastern District of Michigan.

**General Allegations**

12. Prior to September of 2014, an individual by the name of "Gustan J. Walgreen" received credit in the form of several student loans ("Walgreen loans") ; Plaintiff had no knowledge of these loans, did not apply for these loans, did not authorize these loans, and did not receive a benefit from these loans.

13. Plaintiff has never used or gone by the name "Gustan J. Walgreen."

14. In September of 2014, National Credit Management began reporting false information related to the Walgreen loans to the national credit reporting agencies regarding a student loan that does not belong to the Plaintiff. ("National Credit Management false information.")

15. Prior to November 17, 2014, National Credit Management began to contact Plaintiff by phone and by mail attempting to collect a student loan debt from the Plaintiff that was not his debt.

16. On November 13, 2014, National Credit Management contacted the Plaintiff by phone attempting to collect a debt from the Plaintiff, however, National Credit Management failed to provide the Plaintiff with disclosures pursuant to 15 U.S.C. 1692e(11) in violation of the FDCPA.

17. On November 17, 2014, Plaintiff sent a letter to National Credit Management disputing the debt and refusing to pay it; National Credit Management received the letter on November 25, 2104.

18. On December 1, 2014, National Credit Management contacted the Plaintiff by phone attempting to collect a debt from the Plaintiff in spite of actual notice that Plaintiff disputed the debt and with knowledge that it was supposed to cease collection attempts under the FDCPA; National Credit Management failed to provide the Plaintiff with disclosures pursuant to 15 U.S.C. 1692e(11) in violation of the FDCPA.

19. On December 16, 2014, National Credit Management contacted the Plaintiff by phone attempting to collect a debt from the Plaintiff in spite of actual notice that Plaintiff disputed the debt and with knowledge that it was supposed to cease collection attempts under the FDCPA; National Credit Management failed to provide the Plaintiff with disclosures pursuant to 15 U.S.C. 1692e(11) in violation of the FDCPA.

20. On December 29, 2014, National Credit Management contacted the Plaintiff by phone attempting to collect a debt from the Plaintiff in spite of actual notice that Plaintiff disputed the debt and with knowledge that it was supposed to cease collection attempts under the FDCPA; National Credit Management failed to provide the Plaintiff with disclosures pursuant to 15 U.S.C. 1692e(11) in violation of the FDCPA.

21. Plaintiff discovered false information on one or more of his consumer reports being furnished by National Credit Management ("National Credit Management false information")

22. Plaintiff disputed the National Credit Management false information by transmitting actual notice of his dispute to National Credit Management on November 17, 2014.

23. Plaintiff mailed a request for reinvestigation which included an adequate description and explanation of the National Credit Management false information to each of the major credit reporting agencies.

24. Plaintiff requested that the major credit reporting agencies reinvestigate and correct the National Credit Management false information as envisioned by 15 U.S.C. § 1681i.

25. Plaintiff's request for reinvestigation included sufficient information to provide actual notice that the National Credit Management false information was inaccurate and the source of information was not reliable.

26. The credit reporting agencies responded to this dispute from Plaintiff by requesting verification of the National Credit Management false information.

27. National Credit Management responded to the reinvestigation request by verifying the National Credit Management false information.

28. National Credit Management failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

29. As a result of National Credit Management's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

30. National Credit Management also failed to note the Plaintiff's dispute in violation of 15 U.S.C. 1692e(8).

31. Plaintiff also discovered false information on his consumer reports being furnished by Federal Loan Servicing; specifically, Federal Loan Servicing was falsely reporting that Plaintiff was liable for at least four separate student loans taken out by Gustan J. Walgreen ("Federal Loan Servicing false information").

32. Plaintiff disputed the Federal Loan Servicing false information by transmitting actual notice to Federal Loan Servicing on November 17, 2014; Federal Loan Servicing received Plaintiff's dispute on November 21, 2014.

33. Plaintiff also transmitted a request for reinvestigation of the Federal Loan Servicing false information along with an adequate description and explanation to each of the major credit reporting agencies.

34. Plaintiff requested that each major credit reporting agencies reinvestigate and correct the Federal Loan Servicing false information as envisioned by 15 U.S.C. § 1681i.

35. Plaintiff's request for reinvestigation included sufficient information to provide actual notice that the Federal Loan Servicing false information was inaccurate and the source of information was not reliable.

36. The credit reporting agencies responded to this dispute from Plaintiff by requesting verification of the Federal Loan Servicing false information from Federal Loan Servicing.

37. Federal Loan Servicing responded to the reinvestigation request by verifying Federal Loan Servicing false information to at least one credit reporting agency.

38. Federal Loan Servicing failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

39. As a result of Federal Loan Servicing's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

40. When Experian received the Plaintiff's request for reinvestigation, it was clear that the Federal Loan Servicing false information applied to Gustan J. Walgreen and not the Plaintiff and Experian had actual or constructive knowledge that the Federal Loan Servicing false information was indeed inaccurate.

41. When Experian received the Plaintiff's request for reinvestigation, it included other false information that Plaintiff disputed including certain names and addresses and other data which did not belong to the Plaintiff; Experian failed to remove this false data.

42. Experian failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

43. Experian failed to adequately follow the procedures set forth in 15 U.S.C. § 1681i.

44. Plaintiff suffered damages as a result of Experian's failure to abide by 15 U.S.C. § 1681i.

## COUNT I – Fair Debt Collection Practices Act (National Credit Management)

45. Plaintiff incorporates the preceding allegations by reference.

46. At all relevant times National Credit Management – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

47. National Credit Management is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

48. National Credit Management 's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

49. Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code (National Credit Management)

50. Plaintiff incorporates the preceding allegations by reference.

51. National Credit Management is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

52. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

53. National Credit Management 's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the Occupational Code.

54. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT III – Fair Credit Reporting Act (National Credit Management)

55. Plaintiff incorporates the preceding allegations by reference.

56. National Credit Management was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

57. In the event that National Credit Management was unable to verify the information which it had reported, National Credit Management was required to advise the credit reporting agency of this fact.

58. Following the reinvestigation, National Credit Management reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

59. Following the reinvestigation, National Credit Management reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

60. Following the reinvestigation and dispatch of notice directly to National Credit Management, National Credit Management reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

61. Following the reinvestigation and dispatch of direct notice to National Credit Management, National Credit Management failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

62. National Credit Management willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

63. In the alternative, National Credit Management negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

64. National Credit Management willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

65. In the alternative, National Credit Management negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

66. Plaintiff has suffered damages as a result of these violations of the FCRA.

**COUNT IV – Intentional Infliction of Emotional Distress (National Credit Management)**

67. Plaintiff incorporates the preceding allegations by reference.

68. National Credit Management's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

69. National Credit Management intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

9

70. National Credit Management's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

71. Plaintiff has suffered damages as a result of the conduct of National Credit Management.

## COUNT V – Negligence (National Credit Management)

72. Plaintiff incorporates the preceding allegations by reference.

73. National Credit Management owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

74. Plaintiff holds a property interest in his good name, credit worthiness, and reputation.

75. National Credit Management's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

76. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by National Credit Management.

## COUNT VI– Negligence *Per Se* – (National Credit Management)

77. Plaintiff incorporates the preceding allegations by reference.

78. National Credit Management's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

79. Those unreasonable actions were *per* se unreasonable.

80. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by National Credit Management.

## COUNT VI – Defamation by Libel (National Credit Management)

81. Plaintiff incorporates the preceding allegations by reference.

82. National Credit Management's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

83. National Credit Management's publications were not privileged communications.

84. National Credit Management's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

85. The statements were *per se* defamatory.

86. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

87. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

### COUNT VII – Malicious Statutory Libel (National Credit Management)

88. Plaintiff incorporates the preceding allegations by reference.

89. The inaccurate credit information was published with malice or ill-will.

90. Plaintiff has suffered damages as a result of this malicious libel by National Credit Management in violation of M.C.L. § 600.2911.

91. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### COUNT VIII – Fair Credit Reporting Act (Federal Loan Servicing)

92. Plaintiff incorporates the preceding allegations by reference.

11

93. Federal Loan Servicing was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

94. In the event that Federal Loan Servicing was unable to verify the information which it had reported, Federal Loan Servicing was required to advise the credit reporting agency of this fact.

95. Following the reinvestigation, Federal Loan Servicing reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

96. Following the reinvestigation, Federal Loan Servicing reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

97. Following the reinvestigation and dispatch of notice directly to Federal Loan Servicing, Federal Loan Servicing reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

98. Following the reinvestigation and dispatch of direct notice to Federal Loan Servicing, Federal Loan Servicing failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

99. Federal Loan Servicing willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

100. In the alternative, Federal Loan Servicing negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

101. Federal Loan Servicing willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

102. In the alternative, Federal Loan Servicing negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

103. Plaintiff has suffered damages as a result of these violations of the FCRA.

## COUNT IX – Intentional Infliction of Emotional Distress (Federal Loan Servicing)

104. Plaintiff incorporates the preceding allegations by reference.

105. Federal Loan Servicing's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

106. Federal Loan Servicing intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

107. Federal Loan Servicing's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

108. Plaintiff has suffered damages as a result of the conduct of Federal Loan Servicing.

## COUNT X – Negligence (Federal Loan Servicing)

109. Plaintiff incorporates the preceding allegations by reference.

110. Federal Loan Servicing owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

111. Plaintiff holds a property interest in his good name, credit worthiness, and reputation.

112. Federal Loan Servicing's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

113. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by Federal Loan Servicing.

### COUNT XI– Negligence *Per Se* – (Federal Loan Servicing)

114. Plaintiff incorporates the preceding allegations by reference.

115. Federal Loan Servicing's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

116. Those unreasonable actions were *per* se unreasonable.

117. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by Federal Loan Servicing.

### COUNT XI – Defamation by Libel (Federal Loan Servicing)

118. Plaintiff incorporates the preceding allegations by reference.

119. Federal Loan Servicing's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

120. Federal Loan Servicing's publications were not privileged communications.

121. Federal Loan Servicing's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

122. The statements were *per se* defamatory.

123. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

124. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT XII – Malicious Statutory Libel (Federal Loan Servicing)

125. Plaintiff incorporates the preceding allegations by reference.

126. The inaccurate credit information was published with malice or ill-will.

127. Plaintiff has suffered damages as a result of this malicious libel by Federal Loan Servicing in violation of M.C.L. § 600.2911.

128. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## Count XIII – Violations of the FCRA
## 15 U.S.C. § 1681 *et seq*. (Experian)

129. Plaintiff incorporates the preceding allegations by reference.

130. The appearance of the inaccurate account information was the direct and proximate result of Experian's failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e(b).

131. Experian willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

132. In the alternative, Experian negligently failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681o;

133. Experian willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

134. As part of the reinvestigation, Experian was required to notify the furnishers of the disputed account information in a notice.

135. That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

136. Experian failed to include all relevant information regarding the dispute to the furnishers of the disputed account information in violation of the FCRA, 15 U.S.C. § 1681i(a)(2)(A).

137. As part of the reinvestigation, Experian was required to consider and give due weight to all relevant information submitted by Plaintiff.

138. Experian's failed to properly consider and give due weight to all relevant information submitted by Plaintiff in course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

139. Experian's reinvestigation improperly resulted in the reporting of information which Experian found to be inaccurate, incomplete, unverifiable in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

140. Experian has wilfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

141. In the alternative, Experian has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o.

142. Plaintiff has suffered damages as a result of these violations of the FCRA.

### Demand for Jury Trial

143. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiff requests that the Court:*

a.  *Assume jurisdiction over all claims;.*

b.  *Award actual damages.*

c.  *Award statutory damages.*

d.  *Award punitive damages.*

e.  *Award statutory costs and attorney fees.*

                Respectfully Submitted,

                ADAM G. TAUB & ASSOCIATES
                CONSUMER LAW GROUP, PLC

                By:    s/ Adam G. Taub
                          Adam G. Taub (P48703)
                          Attorney for Plaintiff
                          17200 West 10 Mile Rd. Suite 200
                          Southfield, MI 48075
                          Phone:  (248) 746-3790
                          Email:   adamgtaub@clgplc.net

Dated:  February 16, 2015